UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

LONNIE M. CROSSLEY                                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO.: 3:10-cv-365-DPJ-FKB

UNITED STATES OF AMERICA                                                                      DEFENDANT

ORDER

This medical-malpractice action, brought under the Federal Torts Claims Act (FTCA), is before the Court on the motion [38] of Defendant United States of America (the Government) seeking to dismiss Plaintiff's amended complaint for failure to exhaust administrative remedies . Plaintiff Lonnie Crossley opposes the motion [40]. Upon considering the parties' submissions and applicable authority, the Court finds Defendant's motion to dismiss is denied.

I.      Facts and Procedural History

Crossley sued the United States on June 29, 2010, for injuries he allegedly sustained while receiving care at the G.V. Sonny Montgomery Veterans Affairs Medical Center (VAMC), in Jackson, Mississippi.  Before filing suit, Crossley presented his claims to the Department of Veterans' Affairs (VA) via Standard Form 95. Pl.s' Mem. [41] Ex. A, Standard Form 95 & Attachment (SF-95).  In his administrative claim, Crossley alleged that his injuries were caused by a staph infection he acquired at some point from his years of treatment at VAMC.  *Id.*  The VA ultimately denied Crossley's claim, and Crossley timely filed this action within six months of that date.

In his Second Amended Complaint [34], Crossley dropped the staph infection averments. He alleged instead that the prescription of medications with contraindicated side effects caused

his injuries.  The Government responded with a motion to dismiss due to lack of subject-matter jurisdiction for Crossley's failure to fully exhaust his administrative remedies.  Def.s' Mot. [38].

II.     Standard

The party asserting subject-matter jurisdiction bears the burden of proof.  *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).  "A Rule 12(b)(1) motion should be granted only 'if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'"  *Id.* (citation omitted).  In ruling on a Rule 12(b)(1) motion, "the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts."  *Id.* at 649–50 (citing *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008)); *see Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

III.    Analysis

The Government argues that Crossley's notice under the presentment requirement of the FTCA is insufficient to create subject-matter jurisdiction over his Second Amended Complaint due to the failure to exhaust administrative remedies.  Under the FTCA, a claimant may not bring an action against the United States "unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a).  This exhaustion requirement is a jurisdictional prerequisite, and the failure to properly present one's claim deprives the court of subject-matter jurisdiction over the action. *Cook v. United States ex rel. U.S. Dept. of Labor*, 978 F.2d 164, 166 (5th Cir. 1992).  A claim is properly presented for jurisdictional purposes "if the claimant (1) gives the agency written notice

of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim." *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980) (citations omitted).

Congress's purpose in enacting § 2675 was "'to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980) (quoting S. Rep. No. 89–1327 (1966), *reprinted in* 1966 U.S.C.C.A.N 2515, 2516); *see also Adams*, 615 F.2d at 290 n.9 ("In promulgating section 2675, Congress, therefore, did not seek to allow federal agencies unilaterally to shift the burden of investigation to private claimants while retaining only the responsibility of evaluating the information supplied by the claimant . . . ."). Mindful of this purpose, the Fifth Circuit has held that exhaustion under § 2675 does not require plaintiffs "to specifically enumerate legal theories of recovery in their administrative claims." *Frantz v. United States*, 29 F.3d 222, 224 (5th Cir. 1994).

Under the minimal notice requirements of this statute, "a Federal Tort Claims Act suit can be based on particular facts and theories of liability only when those facts and theories can be considered part of the plaintiff's administrative claim." *Rise*, 630 F.2d at 1071. A court will have jurisdiction over such a claim if "the Government's investigation of [the] claim should have revealed theories of liability other than those specifically enumerated therein." *Id.* Further, such a claim must merely "bring[] to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." *Id.*; *see also Life Partner's Inc. v. United States*, 650 F.3d 1026, 1030 (5th Cir. 2011) (stating that "claimant must provide the agency with facts sufficient to allow his claim to be investigated." (citations and quotations omitted)).

3

It is undisputed that Crossley filed a claim with the VA and that the VA denied his claim. Def.s' Mem. [38] at 2–3; Pl.s' Mem. [40] Ex. A, SF-95.  The Government does, however, dispute the sufficiency of that claim to exhaust § 2675's requirements for Crossley's Second Amended Complaint [34].  Thus, Crossley's administrative claim must be construed with his present complaint to evaluate whether he has satisfied § 2675.

In Crossley's administrative claim, one can discern a variety of facts and theories.  Pl.s' Mem. [40] Ex. A, SF-95.  In relevant part, Crossley stated:

> I suffer from a staph infections that is the result of treatment received at the [VAMC] . . . .  Over many years, VA has treated me for various conditions . . . .  I was diagnosed with a staph infection in October 2007 by my private physician . . . .  I know of no other medical treatment or experience that would have exposed me to such an infection, other than VA medical treatment.
>
> A symptom of this infection has been numerous small black and brown circles on both of my legs, which develop into sores.  Although I visited the VAMC several times in Fall 2007 with these symptoms, VA physicians did not inform me of any connection to a staph infection.  Finally, after Dr. Austin advised me that the sores were consistent with a staph infection, VA provided me with a prescription.
>
> I have had considerable complications from this infection including weight loss, numerous sores resulting in scars all over my body, and mental anguish as a result of VA medical staff failing to properly diagnose and treat the condition.
>
> . . . .  I have been left with the impression that the staff at the VAMC Jackson would have allowed the infection to progress and possible threaten my life before they would acknowledge that I had developed an infection as the result of VA treatment.

*Id.* at 1, 3.  In general, Crossley contended that the treatment he received at VAMC caused specific symptoms that his private doctor attributed to a staph infection.  The VAMC then confirmed the diagnosis by prescribing medication for a staph infection.

4

These claims and theories were well represented in Crossley's initial and First Amended Complaints [1, 8]. But, the Second Amended Complaint [34] contends that side effects from the prescription of contraindicated medications caused the symptoms alleged in the administrative claims. Significantly though, the most recent complaint and administrative claim are premised on the same alleged injuries, occurring during the same time period, caused by the medical treatment Crossley received at VAMC.

Neither party cites authority regarding the sufficiency of notice when the administrative claim identifies the injuries caused by alleged malpractice during a specific time but incorrectly specifies the nature of the condition. Though perhaps a close question, the Court concludes that the notice was sufficient based on available authority.

In *Rise* for example, the plaintiff's wife presented to a VA hospital with a carotid aneurysm, received some treatments but was then transferred to a private hospital for surgery that she did not survive. 630 F.2d at 1070. The federal complaint included a cause of action for negligent referral, though the administrative claim merely stated that Mrs. Rise was "immediately transferred" to the private hospital. *Id*. at 1071. The Fifth Circuit reversed summary judgment for the Government, finding that Rise exhausted the negligent-referral claim. *Id.* at 1071–72. According to the court, the facts asserted in the administrative claim were sufficient to put the agency on "constructive notice" that the referral may have been negligent, contributing to cause the underlying injury. *Id.* Similarly, in *Frantz* the court found a subsequent informed consent theory was within the scope of an administrative claim alleging negligence in surgery. 29 F.3d at 224–25 (premising its holding on the fact that under Texas law an informed consent claim is a type of medical-negligence claim).

5

Though not binding, *Southern v. United States* is instructive. 503 F. Supp. 2d 829 (W.D. Tex. 2007). There, the plaintiff alleged that he contracted Hepatitis C as a result of a surgery at VA or Army facilities. *Id.* at 831. The date of the accident listed on his SF-95 limited the scope of possible surgeries to the procedure that occurred on that day. *Id.* at 831. But the claimant ultimately sued on the basis of another surgery that occurred prior to the surgery that coincided with the SF-95 date. *Id.* at 832. Noting that "[a] plaintiff is not expected to present an exhaustively detailed statement of his claim, but merely to allow the Government a starting point for its own investigation," the court held that the Plaintiff's complaint was exhausted because the SF-95 claim gave the agency sufficient notice. *Id.* at 837–38; *see also Neuenswander v. United States*, 422 F. Supp. 2d 425, 437 (D. Vt. 2006) ("Certainly, a reasonable investigation of [his] claim for the failure to properly treat his medical condition, which had been treated exclusively by the VA for over twenty years, would include a review of his entire medical history with the VA and thereby uncover any pertinent information." (citation and quotations omitted)).

These cases contrast the Government's reliance on *Portillo v. United States*, where the plaintiff's administrative claim and subsequent suit addressed different injuries caused by different negligent acts or omissions. 29 F.3d 624, No. 93-8275, 1994 WL 395174, *1 (5th Cir. June 30, 1994) (table decision). At the administrative level, Portillo alleged negligent failure to monitor an ankle injury resulting in urological injuries, whereas the federal suit added claims based on injuries to his lower spine caused by a different procedure. The court concluded that "the administrative claim did not give the government notice of any facts that would have led it to investigate the circumstances surrounding the [lower spine injury]." *Id.* at *4 (affirming dismissal).

The same cannot be said of Crossley's administrative claim. While it is certainly true that Crossley believed a staph infection caused his injuries—a belief formed in part by the acts of VAMC—his administrative claim form listed the specific injuries now disputed. It stated when they occurred and attributed them to the care he received at VAMC. This was sufficient to place the Government on notice of the need to "investigate the circumstances surrounding [Crossley's alleged injuries]." *Id.* at *4.

As previously noted, the presentment and notice requirements do not relieve an agency's duty to investigate claims. *Adams*, 615 F.2d at 290 n.9 ("Congress, therefore, did not seek to allow federal agencies unilaterally to shift the burden of investigation to private claimants while retaining only the responsibility of evaluating the information supplied by the claimant. . ."). And in this action, the necessary facts to trigger a medical-malpractice investigation of Crossley's injuries are present in his exhausted claim. That investigation should have revealed Crossley's contra-indication theory—to the extent it is viable.

IV.     Conclusion

For these reasons, the Government's motion to dismiss Crossley's amended complaint for lack of jurisdiction is hereby denied. The parties are instructed to contact the magistrate judge to set the case for a status conference. The magistrate judge may then consider lifting the stay and revising, as necessary, the case management order.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE